**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO | ) | |
| 12 Park Place, Mansfield, TX 76063 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| SECRETARY OF STATE WILLIAM | ) | Case No. 1:23-cv-12121-MJJ |
| FRANCIS GALVIN | ) | |
| One Ashburton Place | ) | |
| Boston, MA  02108 | ) | |
| | ) | |
| DONALD JOHN TRUMP | ) | |
| 1100 S. Ocean Blvd, Palm Beach, FL 33480 | ) | |
| | ) | |
| Defendants. | ) | |

**EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND
EXPEDITED PRELIMINARY INJUNCTION HEARING CONSOLIDATED WITH A
PRELIMINARY BENCH TRIAL ON THE MERITS**

Plaintiff John Anthony Castro, pursuant to Fed. R. Civ. P. 65(b), moves this Honorable Court for the entry of a Temporary Restraining Order ("TRO") enjoining Defendant Secretary of State from accepting or scheduling an appointment for the acceptance of Defendant Donald John Trump's declaration of candidacy, ballot access fee, petitions in support thereof, and any other ballot access documentation that Defendant Donald John Trump may submit or others, including, but not limited to, the State or National Republican Party, may submit for, on behalf of, or for the benefit of Defendant Donald John Trump to prevent a violation of Section 3 of the 14th Amendment to the United States Constitution.

In addition, pursuant to Fed. R. Civ. P. 65(b)(3), Plaintiff requests an Expedited Preliminary Injunction Hearing to take place on or before October 4, 2023.

1

Furthermore, pursuant to Fed. R. Civ. P. 65(a)(2), Plaintiff requests the Expedited Preliminary Injunction Hearing to be consolidated with a trial on the merits.  As such, "evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial."

Please note that the only procedural method by which to achieve an Expedite Preliminary Injunction Hearing is with the granting of a Temporary Restraining Order without notice: "If the [temporary restraining] order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character."  Fed. R. Civ. P. 65(b)(3).

### STANDARD OF REVIEW &
### SCARCELY KNOWN RULE 65 PRELIMINARY BENCH TRIAL ON THE MERITS

"To prevail in an application for a stay or an injunction, an applicant must carry the burden of making a strong showing that it is 'likely to succeed on the merits,' that it will be 'irreparably injured absent [relief],' that the balance of the equities favors it, and that [relief] is consistent with the public interest." *Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021).

Fed. R. Civ. P 65(b)(1)(A)-(B) permits the Court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in… a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant… certifies in writing any efforts made to give notice and the reasons why it should not be required."  In this case, Plaintiff has satisfied this.  The Verified Complaint, ***incorporated herein by reference***, shows the immediacy of irreparable harm that will result before the adverse parties can be heard and even goes further by showing the substantial likelihood of success on the merits.

Fed. R. Civ. P 65(b)(2) states that every "temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record."  In this case, the proposed order attached hereto complies.

Fed. R. Civ. P 65(b)(3) states that "[i]f the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order."  In this case, that is precisely why Plaintiff is requesting an Expedite Preliminary Injunction Hearing on or before October 4, 2023, which would be before the 14-day expiration deadline of the Temporary Restraining Order.

Fed. R. Civ. P 65(a)(2) states that "[b]efore… the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing… But the court must preserve any party's right to a jury trial."  In other words, this rule permits for an ***emergency preliminary bench trial*** but still mandates the preservation of a jury trial for Defendants Donald John Trump and Secretary of State.

The U.S. Supreme Court has explained that the purpose of an injunction is to prevent future violations and it can be utilized even without a showing of past wrongs.  *See U.S. v. W. T. Grant Co*., 345 U.S. 629 (1953).  In this case, that is the precise situation.  The U.S. Constitution bars Defendant Donald John Trump from holding public office, so it is only logical that be prevented

by denying him access to appear on the state ballot and enjoining the state from counting his write-in votes.

## LIKELIHOOD OF SUCCESS ON THE MERITS

The U.S. Supreme Court has explained that an insurrection becomes a rebellion as it becomes more organized.[1]  As such, an insurrection is inherently disorganized.  When it becomes organized, it is then classified as a rebellion.  Once an organized rebellion is politically recognized by elected officials as a legitimate means of settling irreconcilable differences of opinion, it transforms into formal civil war.

Insurrection and rebellion are often incorrectly used interchangeably but have been defined as an attempt to overthrow a lawful government,[2] as an uprising of citizens in resistance to their government,[3] and as "the open and active opposition of a number of persons to the execution of law."[4]

The Seditious Conspiracy statute codified at 18 U.S.C. § 2384 provides insight into the definition of sedition and insurrection, which are synonymous, codified at 18 U.S.C. § 2383. Seditious Conspiracy is defined as two or more persons conspiring to "by force… prevent, hinder, or delay the execution of any law of the United States."

---

[1] *The Amy Warwick*, 67 U.S. 635, 666-67 (1862) ("Insurrection against a government may or may not culminate in an organized rebellion, but a civil war always begins by insurrection against the lawful authority of the Government. A civil war is never solemnly declared; it becomes such by its accidents—the number, power, and organization of the persons who originate and carry it on. When the party in rebellion occupy and hold in a hostile manner a certain portion of territory; have declared their independence; have cast off their allegiance; have organized armies; have commenced hostilities against their former sovereign, the world acknowledges them as belligerents, and the contest a war. They claim to be in arms to establish their liberty and independence, in order to become a sovereign State, while the sovereign party treats them as insurgents and rebels who owe allegiance, and who should be punished with death for their treason.").
[2] *See Gibson v. State*, 38 Ga. 571, 571 (1869).
[3] *See Hearon v. Calus*, 178 S.C. 381, (1935).
[4] *In re Charge to Grand Jury*, 62 F. 828, 830 (N.D. Ill. 1894).

This is the single factor that distinguishes a riot from an insurrection.  Both involve the use of force and violence.  However, one has the intent to disrupt the execution of a law of the United States in a manner that threatens the stability of the government.

An insurrection does not require bloodshed,[5] nor does it need to be sufficiently large to ensure the success of its attempt; however, it is necessary that the uprising should be "in opposition to the execution of the laws of the United States, and should be so formidable as for the time being to defy the authority of the United States."[6]

The 2020 United States Presidential Election occurred on November 3, 2020.  On November 7, 2020, then-incumbent President Donald J. Trump was projected to have lost the Presidential Election.

The United States Constitution and federal statutes codify the procedures and dates governing the transfer of presidential power in the United States.  The 12th Amendment requires presidential electors to meet in their respective states and certify "distinct lists of all persons voted for as President, and of all persons voted for as Vice-President, and of the number of votes for each."

On December 14, 2020, the presidential electors of the Electoral College met in the state capital of each state and in the District of Columbia and formalized the result of the 2020 U.S. Presidential Election: Joseph R. Biden Jr. and Kamala D. Harris were declared to have won sufficient votes to be elected the next President and Vice President of the United States.

The 12th Amendment also requires that the Vice President "shall, in the presence of the Senate and House of Representatives, open all the ce1iificates and the votes shall then be counted."

---

[5] The events of January 6, 2021, become so violent that law enforcement was compelled to utilize deadly force against Ashli Babbitt to protect members of Congress.
[6] *In re Charge to Grand Jury*, 62 F. 828, 830 (N.D. Ill. 1894).

Title 3, Section 15 of the United States Code provides that the United States Congress must convene during a joint session proceeding ("the Joint Session") at 1:00 pm "on the sixth day of January succeeding every meeting of the electors," with the Vice President presiding, to count the electoral votes, resolve any objections, certify their validity, and announce the result ("Certification of the Electoral College vote").

Several courts referred to the January 6, 2021 attack as an "insurrection."[7]

In the case of *McKee v. Young*, it was said that "aid and comfort may be given to an enemy by words of encouragement, or the expression of an opinion, from one occupying an influential position."[8]

On September 29, 2020, Defendant Donald John Trump, then Commander-in-Chief of the United States Armed Forces, issued a verbal executive military order on live television to a paramilitary organization known as the Proud Boys that was led by Chairman and now-convicted felon Enrique Tarrio to "stand back and standby."

On January 6, 2021, Defendant Donald John Trump verbally instructed the United States Secret Service to allow armed men into his speech event where he radicalized the crowd with incendiary statements instructing them to "fight like hell."

On January 6, 2021, from 1:25pm to 4:03pm, Defendant Donald John Trump witnessed, on live television, the protest transform into a riot in front of the Capitol and eventually culminate into an insurrection with a smaller fraction of the rioters opposing, by violent force and invasion

---

[7] *Budowich v. Pelosi*, 2022 WL 1422823, at *1 (D.D.C. 2022) (referring to the "attempted insurrection on January 6, 2021"); *United States v. Bingert*, 2022 WL 1659163, at *1 (D.D.C. 2022) (referring to an "unsuccessful insurrection"); *United States v. Reffitt*, 2022 WL 1404247, at *3 (D.D.C. 2022) (quoting defendant who referred to the event, in writing, as an insurrection).

[8] Myles S. Lynch, Disloyalty & Disqualification: Reconstructing Section 3 of the Fourteenth Amendment, 30 Wm. & Mary Bill Rts. J. 153, 172 (2021) (citing H.R. REP. NO. 40-29, at 2 (1868)).

of the Capitol itself, the authority of the Government of the United States to prevent, hinder, and delay the Electoral College's certification of the 2020 election results.

On January 6, 2021, after witnessing a large group of his supporters violently attacking the United States Capitol to prevent the lawful certification of the 2020 election results with the goal of unlawfully compelling Donald John Trump's inauguration on January 20, 2021, Defendant Donald John Trump stated on live television, "we love you, you're very special" to the insurrectionists, which included Enrique Tarrio and Stewart Rhodes who were later convicted of seditious conspiracy.  Defendant Donald John Trump's statements on live television were unambiguous words of sympathy toward the violent insurrectionary movement that threatened the stability of the government.

On January 29, 2022, Defendant Donald John Trump publicly stated, "If I run and if I win, we will treat those people from January 6 fairly. We will treat them fairly. And if it requires pardons, we will give them pardons."  Defendant Donald John Trump promised the insurrectionists aid in the form of executive pardons for their criminal attempt to unlawfully overturn the 2020 election results.

On May 4, 2023, Proud Boys Chairman Enrique Tarrio was convicted of Seditious Conspiracy.  The words "sedition" and "insurrection" are synonymous.  In effect, Enrique Tarrio, the individual to whom Defendant Donald John Trump issued an executive military order, was convicted of conspiracy to commit an insurrection.

On June 22, 2023, Defendant Donald John Trump hosted a fundraiser for the January 6 insurrectionists thereby assisting in the acquisition of financial aid for their legal bills.  More aid and comfort to the insurrectionary movement.

Plaintiff incorporates the Select January 6th Committee Final Report and Supporting Materials herein by reference.  The full report is not physically included herein due to its voluminous nature.

Based on these acts of aid, comfort, and expressions of sympathy for the convicted criminals of the January 6th Insurrection, it is plain and irrefutable that Defendant Donald John Trump provided "aid or comfort" to an insurrection in violation of Section 3 of the 14th Amendment to the U.S. Constitution and is, therefore, constitutionally ineligible to pursue or hold *any* public office in the United States.

Because Plaintiff is a fellow FEC-registered Republican primary candidate and intends to file his declaration of write-in candidacy, Plaintiff will suffer a political competitive injury in the form of diminution of votes.  It is not remote or hypothetical; absent untimely death, Plaintiff will be a 2024 Republican Presidential candidate.

On September 22, 2023, Plaintiff completed service of process of Defendants Secretary of State and Donald John Trump.

On September 22, 2023, Plaintiff began diligently preparing this comprehensive motion. Plaintiff immediately notified Counsel for Defendant Donald John Trump and Counsel for Defendant Secretary of State.  Nevertheless, notice is not required because Defendant Doanld John Trump cannot even submit his ballot access documentation at the moment.

Plaintiff's only remedy is a Temporary Restraining Order in order to obtain an Expedite Preliminary Injunction Hearing Consolidated with a Trial on the Merits on or before October 4, 2023, to permit resolution on appeal as well as certain review by the U.S. Supreme Court prior to the commencement of the State Presidential Primary filing period.

A denial of this requested relief guarantees the issue will be mooted; thus, it is effectively a final decision under the Collateral-Order Doctrine and appealable under 28 U.S.C. § 1291(a)(1).

### IMMEDIACY OF IRREPARABLE HARM

Plaintiff is already suffering irreparable competitive injuries because Defendant Donald John Trump, who is constitutionally ineligible to hold office, is siphoning off votes and contributions. Defendant Donald John Trump's unconstitutional candidacy is putting Plaintiff at both a voter and donor disadvantage.

Votes cannot be redistributed once cast. Financial contributions cannot be refunded once given. This is prima facie irreparable harm.

The "degree of the threat" is satisfied because Plaintiff is presently being irreparably injured every day that Defendant Donald John Trump is permitted to continue his unconstitutional candidacy.

The U.S. Supreme Court has held that infringement of the U.S. Constitution "unquestionably constitutes irreparable injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020); *also see Elrod v. Burns*, 427 U.S. 347, 373 (1976).

### BALANCE OF EQUITIES FAVORS INJUNCTIVE RELIEF

Plaintiff's sustained harm and ongoing harm outweighs the harm an injunction would cause Defendant Donald John Trump. We cannot ignore the intent of the framers of the Fourteenth Amendment. For they saw with their own eyes what men like Defendant Donald John Trump can do to the seams that bind our nation. They foresaw that men like Defendant Donald John Trump would not be satisfied until they spilled the blood of every American citizen that disagreed with them.

Defendant Donald John Trump has promised to imprison his political enemies if re-elected President of the United States.

The entire nation knows that Defendant Donald John Trump provided aid and comfort to the January 6th Insurrection.  The only remaining question is whether the federal judiciary has the courage to do the right thing.  All evil needs in order to prevail is for good men and women to do nothing.

### PUBLIC INTEREST DEMANDS JUDICIAL DETERMINATION

The public interest is greatly served by preventing a violation of the United States Constitution.  *See Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 883-884 (3d. Cir. 1997) (stating that in "the absence of legitimate, countervailing concerns, the public interest clearly favors the protection of constitutional rights.").

The public has an interest in preserving our Republic from a pro-insurrection candidate who is constitutionally disqualified and presently both a state and federal criminal defendant facing over 300 years in state and federal prison.

If a denial of temporary injunctive relief will moot the issue given the time-sensitive nature of the circumstances, it has the "practical effect" of denying preliminary injunctive relief and is, therefore, appealable under 28 U.S.C. § 1292(a)(1) as of right.  *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981).

The public interest in upholding and enforcing the U.S. Constitution always outweighs the interest of a single individual.

### REQUESTED RELIEF

Plaintiff requests that this Honorable Court guard the United States Constitution it swore to defend and uphold by (1) granting a Temporary Restraining Order not to initially exceed 14

days unless extended before the expiration by the Court for good cause and (2) holding an emergency hearing within said 14 days to make a determination with regard to granting a preliminary injunction.

Plaintiff further requests a waiver of security under Fed. R. Civ. P. 65(c) since a Temporary Restraining Order will not result in any costs or damages.  Defendant Donald John Trump would still have time to file his ballot access documentation with the Secretary of State's Office.

Dated: September 25, 2023.   Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff *Pro Se***

## CERTIFICATE OF NOTICE AND CONFERENCE

Per Fed. R. Civ. P. 65(b)(1)(B), I hereby certify that I contacted Defendants and their legal counsel about my intent to file this motion.  Contact was made via email on September 25, 2023.  Plaintiff has had prior email communications with counsel for Defendant Donald John Trump, Jesse R. Binnall and Jared J. Roberts, who are currently representing Defendant Donald John Trump on appeal with Plaintiff John Anthony Castro before the U.S. Court of Appeals for the 11th Circuit as well as the U.S. Supreme Court.  With regard to Defendant Secretary of State and counsel, Plaintiff confirmed their email accounts with other state officials and did not receive an email bounce-back.

In said email, Plaintiff specifically informed them of his intent to pursue a Temporary Restraining Order and requested their response as to whether they object to said relief.  Neither Defendants nor their counsel responded.  All parties have notice even though notice is not required for the reasons stated in the motion.

The parties that received the email are as below:

*Defendant*
Secretary of State
William Francis Galvin
One Ashburton Place
Boston, MA  02108
CIS@sec.state.ma.us

*Counsel for Defendant Secretary of State*
State Attorney General
Andrea Campbell
One Ashburton Place
Boston, MA  02108

*Counsel for Defendant Donald John Trump*
Jared J. Roberts
Jesse R. Binnall
Binnall Law Group, PLLC

717 King Street, Suite 200
Alexandria, VA  22314
Jared@Binnall.com
Jesse@Binnall.com


                                        */s/ John Anthony Castro*
                                        John Anthony Castro

## VERIFICATION

I, John Anthony Castro, declare as follows:

1.  Pursuant to Fed. R. Civ. P. 65(b)(1)(A), the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in… a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

2.  With a Verified Complaint, it is appropriate to consider factual statements therein as the legal equivalent of an affidavit for purposes of summary judgment. *See Sheinkopf v. Stone*, 927 F.2d 1259, 1262–1263 (1st Cir.1991).

3.  As such, the Federal Rules of Civil Procedure contemplate all facts in a Verified Complaint to be incorporated by reference in a Motion for a Temporary Restraining Order.  An affidavit restating all of the facts is not required.  Plaintiff knew this from the time he initiated this civil action, and now the Court knows why the original complaint was verified.

4.  Plaintiff has personal knowledge of each and every fact in the Verified Complaint and hereby incorporates by reference all facts in the Verified Complaint.

5.  Pursuant to 28 U.S.C. § 1746, I verify that, under criminal penalty of perjury, the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on September 25, 2023.

/s/ John Anthony Castro
John Anthony Castro

14

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed with the Court on September 25, 2023.  I further certify that a true and accurate copy of the foregoing document was served via CM/ECG, email where an email address is indicated below, or U.S. postal mail on the following recipients on September 25, 2023.

*Defendant*
Secretary of State
William Francis Galvin
One Ashburton Place
Boston, MA  02108
CIS@sec.state.ma.us

*Counsel for Defendant Secretary of State*
State Attorney General
Andrea Campbell
One Ashburton Place
Boston, MA  02108

*Counsel for Defendant Donald John Trump*
Jared J. Roberts
Jesse R. Binnall
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, VA  22314
Jared@Binnall.com
Jesse@Binnall.com

*/s/ John Anthony Castro*
John Anthony Castro

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO | ) | |
| 12 Park Place, Mansfield, TX 76063 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| SECRETARY OF STATE WILLIAM | ) | Case No. 1:23-cv-12121-MJJ |
| FRANCIS GALVIN | ) | |
| One Ashburton Place | ) | |
| Boston, MA  02108 | ) | |
| | ) | |
| DONALD JOHN TRUMP | ) | |
| 1100 S. Ocean Blvd, Palm Beach, FL 33480 | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S EMERGENCY APPLICATION FOR A**
**TEMPORARY RESTRAINING ORDER AND SETTING HEARING DATE AND TIME**
**FOR AN EXPEDITED PRELIMINARY INJUNCTION HEARING CONSOLIDATED**
**WITH A PRELIMINARY BENCH TRIAL ON THE MERITS**

Pending before the Court is Plaintiff's *Emergency Application For A Temporary Restraining Order And Expedited Preliminary Injunction Hearing Consolidated With A Preliminary Bench Trial On The Merits* filed on September 17, 2023, in the above-captioned case. After carefully considering the liberally construed *pro se* motion and incorporated brief therein along with he exhibits, applicable case law, *Verified Complaint*, and all other information properly before the Court, the Court finds that Plaintiff has clearly showed that immediate and irreparable injury, loss, or damage will result to Plaintiff if Defendant Secretary of State's acts are not immediately restrained.  Further, the Court finds that Plaintiff has made a proper showing of (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the

TRO with an expedited Preliminary Injunction Hearing will result in irreparable injury; (3) the threatened injury outweighs any damages the injunction may cause Defendants; and (4) the injunction is in the public interest. *See Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021). The Court finds Plaintiffs have made a clear showing of irreparable harm in multiple ways.

First and foremost, the infringement of any provision of the United States Constitution unquestionably constitutes irreparable harm under binding precedence from the U.S. Supreme Court.

Second, without a Temporary Restraining Order, this Court would be unable to conduct an expedited preliminary injunction hearing thereby guaranteeing that the issue will be mooted and infringe upon Plaintiff's First Amendment right to petition the federal judiciary to redress his grievance.

Third, Plaintiff has shown that there is not merely a threat of immediate irreparable harm but a present, ongoing, and continuing harm to Plaintiff in the form of a competitive political injuries based upon diminution of political support and fundraising.

Accordingly, to avoid irreparable harm and maintain the status quo, Plaintiff's *Emergency Application For A Temporary Restraining Order And Expedited Preliminary Injunction Hearing Consolidated With A Preliminary Bench Trial On The Merits* is hereby **GRANTED** and Defendants are ENJOINED from the following:

### SPECIFIC RESTRAINTS

Defendant Secretary of State is ENJOINED from accepting or scheduling an appointment for the acceptance of Defendant Donald John Trump's declaration of candidacy, ballot access fee, petitions in support thereof, and any other ballot access documentation that Defendant Donald John Trump may submit or others, including, but not limited to, the State or National Republican

Party, may submit for, on behalf of, or for the benefit of Defendant Donald John Trump to prevent a violation of Section 3 of the 14th Amendment to the United States Constitution.

      This Order is issued without notice due to the immediacy of harm that has and will be further suffered by Plaintiff that is being caused by Defendant Donald John Trump.

      Plaintiffs' need to give security is **WAIVED**.  Fed. R. Civ. P. 65(c).

      Unless modified by a subsequent order from this Court, this Order expires fourteen (14) days after its entry.

      It is **SO ORDERED**.

      SIGNED this September _____, 2023 at _____:_____ AM / PM (ET) and expires precisely 14 days (336 hours), to the minute, thereafter.

 

_____

**UNITED STATES DISTRICT COURT JUDGE**