IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO <br> 12 Park Place, Mansfield, TX 76063 <br><br> Plaintiff, <br><br> *v*. <br><br> SECRETARY OF STATE WILLIAM FRANCIS GALVIN <br> One Ashburton Place <br> Boston, MA  02108 <br><br> DONALD JOHN TRUMP <br> 1100 S. Ocean Blvd, Palm Beach, FL 33480 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:23-cv-12121-MJJ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RESPONSE IN OPPOSITION TO DEFENDANT DONALD JOHN TRUMP'S MOTION TO DISMISS**

Plaintiff John Anthony Castro, *pro se*, files this response in opposition to Defendant Donald John Trump's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted.  Both the Motion as well as the supporting Memorandum of Law expressly move for dismissal solely pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Other than a mere footnote that says it is "worth noting that… service of process was ineffective" is legally insufficient to constitute a motion to dismiss for insufficient service of process when the body of the motion does not substantively address or brief the matter.  Fed. R. Civ. P. 12(b)(5) was not cited, insufficient service of process was not briefed, and the body of both the motion and supporting memorandum were completely lacking in substantive reference to insufficient service of process.  As such, that defense was not properly raised or objected to.

As Counsel for Defendant said, it was "worth noting;" whatever that means. Counsel for Defendant Donald John Trump should know, as a licensed attorney, how to properly motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), and it's not by a footnote saying something is "worth noting."

Pursuant to Fed. R. Civ. P. 12(g)(2), any claim of insufficient service of process has been legally waived and cannot be raised. Defendant Donald John Trump can pursue a claim of malpractice against Counsel for Defendant at the resolution of this civil action if he wishes.

## COURT HAS SUBJECT MATTER JURISDICTION

The U.S. Constitution explains that the "judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."[1] More specifically, the "judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution."[2] This was codified at 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution." In this case, there is a controversy between two candidates that arises under the Constitution. Jurisdiction could not possibly be more clear.

Defendant Donald John Trump cites Plaintiff's June 2023 case for the proposition that a federal judge already ruled Plaintiff lacks standing.[3] That case was, again, from June 2023, which was months before October when Plaintiff submitted his ballot access documentation to appear on the Nevada ballot as well as his Declaration of Candidacy and $1,000 filing fee to appear on the ballot in New Hampshire.

---

[1] U.S. Const. art. III, § 1.
[2] U.S. Const. art. III, § 2, cl. 1.
[3] *See Castro v. Trump*, Case No. 23-80014-CIV-CANNON (S.D. Fl. June 26, 2023).

Plaintiff's *Writ of Certiorari* to the U.S. Supreme Court was regarding the matter of standing. On Monday, October 2, 2023, Plaintiff went into the Nevada Secretary of State's Office in Reno, Nevada, to file his Declaration of Candidacy thereby guaranteeing his placement on the Nevada presidential primary ballot. As of that moment, the question of whether Plaintiff had standing was now moot because he was officially on the Presidential primary ballot of a state. That same morning, the U.S. Supreme Court declined to accept the case because the issue was moot.[4] The U.S. Supreme Court did not need to intervene and determine whether Plaintiff was a candidate because his name was now on the ballot.

Defendant Donald John Trump then cites to *Schlesinger v. Reservists Committee* for the proposition that this case "produces a confrontation with one of the coordinate branches of the Government" thereby requiring a more concrete particularized injury.[5] This case produces no such confrontation like in *Schlesinger*, which literally sought to compel a sitting President to end the war in Vietnam. Nevertheless, Plaintiff still shows a concrete particularized injury, which Defendant admits to. Although Defendant Donald John Trump cites a litany of cases that correctly held that voters don't have standing to sue candidates over qualifications and eligibility, in Defendant Donald John Trump's own memorandum, he admits that there are only 292 individuals registered with the FEC as Republican candidates for the Presidency of the United States. Is 292 more particularized than a voter who shares his grievance with 80,000,000 other voters? And even though 292 FEC-registered individuals is certainly more particularized than 80,000,000 voters, Plaintiff has one that's even better: less than 10 Republicans have filed in both Nevada and New Hampshire as of today. In fact, Defendant Donald John Trump has not even yet filed in New

---

[4] *See Castro v. Trump*, Case No. 23-117, __ S. Ct. __, 2023 WL 6379034 (Oct. 2, 2023). The U.S. Supreme Court did not state its reason for denying the petition, but any legal scholar can clearly see the connection.
[5] *See Schlesinger v. Reservists Committee To Stop the War*, 418 U.S. 208, 221-22 (1974).

Hampshire, which shows how much more proactive Plaintiff John Anthony Castro has been at ensuring his name is immediately secured to be on the ballot of a state when the filing period opens.

Defendant Donald John Trump then tries to distinguish Plaintiff by claiming that, despite Plaintiff bringing federal lawsuits in over two dozen states, having an appeal pending right now before the U.S. Court of Appeals for the 11th Circuit, having submitted a *Writ of Certiorari* to the United States Supreme Court, having flown to Nevada to file Presidential ballot access paperwork the very first day of their filing season, having flown to New Hampshire to file his Declaration of Candidacy and pay the $1,000 filing fee on the very first day of the filing season, that despite all of that, Plaintiff's candidacy is still "far too conjectural" and is "neither real nor immediate." The ostrich's head is truly in the sand.

Plaintiff emailed Defendant Massachusetts Secretary of the Commonwealth William Francis Galvin on September 15, 2023, to request his placement on the ballot pursuant to the state law provision that allows the Secretary to place the name of any candidate that has been recognized by the national news media as a candidate. Plaintiff has been featured on NBC, ABC, CBS, CNN, Fox News, Politico, The Hill, the Washington Post, Newsweek, the Washington Times, and even right-win media like One America News (OAN) Network, the Eopch Times, etc.

Defendant Donald John Trump then tries to distinguish this case from other cases in the 2nd, 5th, and 7th Circuits that all concluded fellow candidates may claim a competitive injury-in-fact by claiming those cases involved a general election the prize for which is public office unlike a primary election the prize for which is delegates to pursue a party's nomination. However, this feeble attempt to *factually* distinguish ignores the *legal* point: a political competitive injury is implied when the individuals are competing for the same voters in the same contest regardless of

what that contest is for.  For the Court to not find an injury would be the Court concluding that not a single Republican voter would support Plaintiff in the absence of Defendant Donald John Trump, which would simply fly in the face of political reality.  Moreover, Defendant Donald John Trump fails to understand the purpose of a Verified Complaint made under penalty of perjury: it is evidence akin to an affidavit.

Plaintiff, in a Verified Complaint under the penalty of perjury, explained how voters have said they would support Plaintiff but for Defendant Donald John Trump being on the ballot.  *See* ECF 1.  The Verified Complaint did not merely contain factual allegations; it was sworn under penalty of perjury and just as reliable as evidence as an affidavit or in-court testimony.  As Defendant Donald John Trump admits, all allegations must be accepted as true.

It is common sense that Plaintiff would obtain more political support in the absence of Defendant Donald John Trump, which any other Republican candidate can certainly attest to.  However, the Court need not confirm what is common sense.  The Second, Fifth, and Seventh Circuits required no such analysis because it was logically implied.  Defendant Donald John Trump and Plaintiff John Anthony Castro are both completing for the same voters; hence, Plaintiff has an political competitive injury-in-fact.

## POLITICAL QUESTION DOCTRINE

Despite the plain wording of the Constitution and its application to this case, Defendant Donald John Trump claims that this Court does not have subject matter jurisdiction over a question arising under the Constitution because its political in nature.  Such a play on semantics while ignoring the actual meaning and substance of the *Political Question Doctrine* borders on sanctionable frivolity.

Put plainly, Courts have held that the political question doctrine does not apply until *after* the major political parties hold their conventions and formally select a nominee; more specifically, after the states have accepted the nomination paperwork from the major parties for placement on the general election ballot.

Defendant Donald John Trump's motion states that the Constitution commits to Congress and the Electoral College exclusive power to determine presidential qualifications.  Ironically, the Electoral College is not mentioned in the Constitution; it refers only to electors.  Article II, Section 1, of the U.S. Constitution simply states that state legislatures must "appoint…. a Number of Electors… [who] shall meet in their respective States…vote…. Make a List of all the Persons voted for… and transmit… to the President of the Senate… [who will] open all the Certificates, and the Votes shall then be counted."  It is simply ministerial in nature.  Defendant Donald John Trump must have his own version of the Constitution that says the President of the Senate can make unilateral determinations on the validity of votes and hanged for failing to do so, which explains his attempted coup in 2021 and ratification of chants to hang then-Vice President Mike Pence.

According to Defendant Donald John Trump's interpretation of the Constitution, the Republican Party could nominate Vladimir Putin and there is absolutely nothing the federal judiciary could do to stop it.  If it sounds ridiculous, please recall that this is Defendant Donald John Trump's interpretation of the law; a thrice-indicted federal and state criminal defendant that has led more attorneys to be disciplined for outlandish legal arguments than the American Mafia. Nevertheless, Plaintiff will address each one of Defendant Donald John Trump's citations to dispel this myth that the *Political Question Doctrine* denies this Court jurisdiction to redress a political

competitive injury by determining Defendant Donald John Trump's qualifications and enforcing the qualification provisions outlined in our sacred United States Constitution.

Defendant Donald John Trump cites *Berg v. Obama* for the proposition that Presidential qualifications are nonjusticiable political questions because the Court mentioned what it "seemed" like in *dicta*.[6]  However, *Berg v. Obama* was initiated on August 21, 2008, which was four (4) days before the Democratic National Convention wherein Barack Obama was formally nominated to be the Democratic Nominee for the Presidency of the United States.  Moreover, the case was not decided until October 24, 2008, which was only twelve (12) days before the general election.  In most states, early voting had already started.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Berg v. Obama* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Robinson v. Bowen* for the proposition that Presidential qualifications are nonjusticiable political questions because a district court mentioned the Electoral College Act in *dicta*.[7]  First, Congress has revised the Electoral College Act to limit objections only on the basis that either electors were not lawfully certified or that the vote count was irregular, so the *dicta* of that district court is not even applicable anymore.[8]  Defendant Donald John Trump clearly lacks even the most basic elementary understanding of the Electoral College Act and its recent amendments.  Second and more importantly, this case was filed 22 days before the Republican National Convention wherein John McCain was formally nominated to be the Republican Nominee for the Presidency of the United States.  Moreover, the case was not decided

---

[6] 586 F.3d 234, 238 (3d Cir. 2009).
[7] 567 F. Supp. 2d 1144 (N.D. Cal. 2008).
[8] *See* 3 U.S.C. § 15(d)(2)(B)(ii)(I)-(II).

until September 16, 2008, which was only fifty (50) days before the general election. As Plaintiff explained earlier, this case proves that the political question doctrine applies only *after* the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot. On the merits, *Robinson v. Bowen* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Grinols v. Electoral College* for the proposition that Presidential qualifications are nonjusticiable political questions.[9] First, this case was initiated on December 12, 2012, after the general election. Second, it applied to the sitting President. As Plaintiff explained earlier, this case proves that the political question doctrine applies only *after* the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot. On the merits, *Grinols v. Electoral College* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Kerchner v. Obama* for the proposition that Presidential qualifications are nonjusticiable political questions.[10] First, this case was initiated on the afternoon of January 20, 2009, after the general election and after Barack Obama had been inaugurated as President of the United States. Hence and second, it applied to the sitting President. As Plaintiff explained earlier, this case proves that the political question doctrine applies only *after* the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot. On the merits, *Kerchner v. Obama* was dismissed for lack of standing; all else means *dicta*.

---

[9] *See* No. 2:12-CV-02997-MCE, 2013 WL 2294885 (E.D. Cal. May 23, 2013), aff'd, 622 F. App'x 624 (9th Cir. 2015).
[10] *See* 669 F. Supp. 2d 477 (D.N.J. 2009), aff'd, 612 F.3d 204 (3d Cir. 2010).

Defendant Donald John Trump then cites *Taitz v. Democrat Party of Mississippi* for the proposition that Presidential qualifications are nonjusticiable political questions.[11]  First, this case was a frivolous civil action accusing Barack Obama and Nancy Pelosi of a "conspiracy violating the federal Racketeer Influenced and Corrupt Organizations Act."[12]  Defendant Donald John Trump filed a similar RICO civil action against Hillary Clinton that resulted in a $50,000 sanction on Defendant Donald John Trump's attorney in that case.  Plaintiff need not give this unreported case any more attention than it deserves.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Taitz v. Democrat Party of Mississippi* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then gets desperate and starts to cite state cases.  The first state case is *Strunk v. New York State Bd. of Elections*, which the Court, in its official ruling, described as a "movie script" that should be called "The Manchurian Candidate Meets The Da Vinci Code" and then went on to ridicule the plaintiff's complaint as "a rambling, forty-five page variation on 'birther' cases."[13]  Because the U.S. Constitution, Article 1, Section 4, states that the "Times, Places and Manner of holding Elections for ***Senators and Representatives*** [no reference to Presidential elections], shall be prescribed in each State by the Legislature thereof," the Court was partially correct in holding that if "a state court were to involve itself in the eligibility of a candidate to hold the office of President… it may involve itself in national political matters for which it is institutionally ill-suited."[14]  However, the Court's references to the Electoral College

---

[11] *See* No. 3:12-CV-280-HTW-LRA, 2015 WL 11017373 (S.D. Miss. Mar. 31, 2015).
[12] *Id.* at *1.
[13] 950 N.Y.S.2d 722 (Sup. Ct. 2012), *order aff'd*, 5 N.Y.S.3d 483 (2015)
[14] *Id.*

were wrong, and, as mentioned before, the changes to the Electoral College Act no longer allow for objections based on qualifications, so even the mere inapplicable *dicta* in this case has been superseded and rendered obsolete by statute.  On the merits, *Strunk v. New York State Bd. of Elections* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites the California state case of *Keyes v. Bowen*; a case initiated on November 13, 2008, after the general election.[15]  Moreover, an amended complaint was filed after the Electoral College certified the results (at that time permitting objections based on qualifications) and then-President Barack Obama had already been inaugurated, so it applied to a sitting President.  As Plaintiff explained earlier, the political question doctrine does not apply until *after* the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Keyes v. Bowen* was dismissed for mootness; all else means *dicta*.

Defendant Donald John Trump then cites the Washington state case of *Jordan v. Secretary of State Sam Reed*; a case initiated on August 29, 2012, twenty-seven days before the Democratic National Convention.[16]  This case was dismissed because the Court found that an "analysis of *Indispensible Party* under CR 19 leads only to the conclusion that this case must be dismissed because plaintiff has failed to join President Obama as a party."[17]  On the merits, *Jordan v. Secretary of State Sam Reed* was dismissed for failing to include an indispensable party; all else means *dicta*.  The ability to object to electoral college votes based on qualifications is no longer permitted, so any reference to that is superseded by statutory amendments to the Electoral College Act.

---

[15] *See* 189 Cal. App. 4th 647 (2010).
[16] *See* No. 12-2-01763-5, 2012 WL 4739216, at *1 (Wash.Super. Aug. 29, 2012)
[17] *Id*.

Defendant Donald John Trump fails to show a textually demonstrable constitutional commitment of this issue to the Legislative or Executive Branch. Plaintiff has shown in his Verified Complaint that there are judicially discoverable and manageable standards for resolving it. Did the President provide aid or comfort to the insurrectionists that violently attacked our United States Capitol? If the preponderance of the evidence suggests he did, he is not constitutionally qualified to pursue the holding of office. Defendant Donald John Trump fails to show how this would involve a policy determination. Defendant Donald John Trump fails to show how this involves a political decision already made. Defendant Donald John Trump fails to show how this could result in multifarious pronouncements by various departments. As such, nothing from the U.S. Supreme Court holding of *Massachusetts v. EPA*, which analyzed the *Political Question Doctrine*, is applicable.

The *Political Question Doctrine* does not apply. Defendant Donald John Trump is banking on the Court believing that any case involving a question of politics implicates the *Political Question Doctrine*, but such a frivolous legal position is sanctionable at worst and laughable at best. The earliest the *Political Question Doctrine* could possibly apply would be after the Republican National Convention on July 18, 2024.

**PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

<u>CONSTITUTIONAL QUALIFICATIONS ARE SELF-EXECUTING</u>

Defendant Donald John Trump then argues that no one has the authority to enforce any of the U.S. Constitution's qualifications to hold the Presidency of the United States because Congress has created no cause of action. Plaintiff thoroughly analyzed this issue in his Verified Complaint. This is an actual controversy between two candidates that arises under the Constitution; the U.S. Constitution makes it abundantly clear that the federal judiciary has jurisdiction over this matter.

Plaintiff is bringing a claim that arises under the U.S. Constitution that is directly injuring him, traceable to Defendant Donald John Trump, and redressable with injunctive relief.

The framers of Section 3 of the 14th Amendment intended the constitutional provision to be both self-executing and to provide a cause of action. More specifically, the Union sought to punish the insurrectionary Confederacy by making their ability to hold public office unconstitutional. The framers did this with the specific intent of removing the more politically popular insurrectionists from the ballot since they violated their oaths of allegiance to the U.S. Constitution and the use of peaceful political mechanisms to non-violently resolve disputes.

The 1870 Enforcement Act was created to grant individuals that otherwise did not have a direct injury with standing to remove public officials holding office in violation of Section 3 of the 14th Amendment. If an individual does not otherwise have an injury traceable to a defendant that is redressable by a Court, then they need Congress to grant them authority to bring the cause of action. This has no bearing on Plaintiff who has a concrete and particularized political competitive injury. Plaintiff, in a Verified Complaint, explained that hundreds of voters have said they would support him but for Defendant Donald John Trump being a candidate. Plaintiff has made clear that the source of the competitive injury is the unconstitutional candidacy of Defendant Donald John Trump. For purposes of a motion to dismiss, all allegations must be accepted as true. Period. If Defendant Donald John Trump wants to disprove a fact or show that the injury is from another source, he must do so at trial.

Defendant Donald John Trump then tries to distinguish a general election from a primary election even though both involve state action; state action of possibly placing a constitutionally ineligible candidate on the ballot. State action contrary to the U.S. Constitution. Unconstitutional state action subject to injunction. More frivolity by Defendant Donald John Trump.

Plaintiff's Verified Complaint provides both a cognizable legal theory as well as the supporting facts that are sufficient to support the legal theory.[18] Accepting all factual allegations as true, based on Plaintiff's legal theory, he is entitled to relief.[19]

This is a civil action that encompasses a controversy between two candidates for the Republican nomination for the Presidency of the United States that arises under the Constitution. The law is clear: Plaintiff has stated a claim. Plaintiff is being politically injured. The Court can remedy this injury by interpreting the U.S. Constitution and enjoining state action that would conflict with its interpretation, such as enjoining the state from accepting or processing Defendant Donald John Trump's ballot access paperwork, printing Defendant Donald John Trump's name on the ballot, or counting write-in votes in his favor. It's that simple.

## REQUESTED RELIEF

Plaintiff requests that this Court deny Defendant Donald John Trump's Motions to Dismiss.

Respectfully submitted,

Dated: October 18, 2023.   By:   */s/ John Anthony Castro*

John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 – 4344
J.Castro@CastroAndCo.com

Plaintiff *Pro Se*

---

[18] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[19] *Id.*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, John Anthony Castro, verify, under criminal penalty of perjury, that the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on October 18, 2023.

/s/ John Anthony Castro
John Anthony Castro

## CERTIFICATE OF SERVICE

On October 18, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF. It is further certified that all other parties will be served via CM/ECF if they are registered users, and, if they are not registered users or have not yet filed a notice of appearance, they will be served by U.S. postal mail.

*/s/ John Anthony Castro*
John Anthony Castro